UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
                                   )
vs.                                )  CAUSE NO. 1:18-cr-00097-JMS-DML
                                   )  Indianapolis, Indiana
THOMAS MENDHEIM (01),              )  Thursday, April 11, 2019
                                   )  10:12 o'clock a.m.
              Defendant.           )


Before the
HONORABLE CHIEF JUDGE JANE MAGNUS-STINSON


TRANSCRIPT OF PLEA HEARING



APPEARANCES:
FOR THE GOVERNMENT:    United States Attorney's Office
                       By:  Kristina M. Korobov
                       10 West Market Street, Suite 2100
                       Indianapolis, Indiana 46204

FOR THE DEFENDANT:     Indiana Federal Community Defenders
                       By:  Gwendolyn M. Beitz
                       111 Monument Circle, Suite 3200
                       Indianapolis, Indiana 46204

ALSO PRESENT:          The Defendant in person.

COURT REPORTER:        Jean A. Knepley, RDR, CRR, CRC, FCRR
                       46 East Ohio Street, Room 309
                       Indianapolis, Indiana 46204


PROCEEDINGS TAKEN BY MACHINE SHORTHAND
COMPUTER-AIDED TRANSCRIPTION

1              *(In open court.)*

2              THE COURT:  We are here under Cause No. 1:18-cr-97.

3     This is the case of the United States v. Thomas Mendheim.  Mr.

4     Mendheim is present in person with Ms. Beitz.  The Government

5     is present by Assistant United States Attorney Kristina

6     Korobov.  Our court reporter is Jean Knepley.

7         We are here pursuant to a petition to enter a plea of

8     guilty that was submitted by the parties.  Are there any

9     victims to be heard today, Ms. Korobov?

10             MS. KOROBOV:  No, Your Honor.  They have been

11    notified, though.

12             THE COURT:  Okay.  And does your client wish to

13    proceed with the change of plea?

14             MS. BEITZ:  Yes, Your Honor.

15             THE COURT:  Thank you.

16        Mr. Mendheim, I need to ask you some questions today, and

17    before I do, I need to swear you in.  Can you raise your right

18    hand, please?

19        (Defendant sworn.)

20             THE COURT:  All right.  Sir, do you understand that

21    you are now under oath, and if you answer any of my questions

22    falsely, your answers may later be used against you in another

23    prosecution for perjury or making a false statement?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  What is your full name?

1          THE DEFENDANT:  Thomas Eugene Mendheim.

2          THE COURT:  Where were you born?

3          THE DEFENDANT:  Indianapolis, Indiana.

4          THE COURT:  How old are you?

5          THE DEFENDANT:  Forty-three --

6          THE COURT:  And how --

7          THE DEFENDANT:  -- I am sorry, 44.  I just had a

8  birthday.

9          THE COURT:  Okay.  How far did you go in school?

10          THE DEFENDANT:  Eleventh grade.

11          THE COURT:  I am going to ask you some questions to

12  make sure that you can understand what is happening today.

13  Sir, can you read and write English?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  Can you read and write well enough to

16  have understood the indictment that was filed against you as

17  well as the plea agreement that you signed?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Have you ever been treated for mental

20  illness?

21          THE DEFENDANT:  No, ma'am.

22          THE COURT:  Have you ever been treated --

23          THE DEFENDANT:  Your Honor?  I am sorry, yes, ma'am.

24          THE COURT:  Tell me about that.

25          THE DEFENDANT:  Lot of it was when I was younger,

1    and I was actually seeing a therapist before I was arrested

2    with Hancock Physicians in Greenfield.

3            THE COURT:  And what was the treatment for?

4            THE DEFENDANT:  Depression.

5            THE COURT:  Okay.  Are you suffering the effects of

6    any mental illness today?

7            THE DEFENDANT:  Depression.

8            THE COURT:  Okay.  Does it interfere with your

9    ability to understand what is happening?

10           THE DEFENDANT:  No, ma'am.

11           THE COURT:  Have you ever been treated for drug

12   addiction?

13           THE DEFENDANT:  No, ma'am.

14           THE COURT:  Okay.  Right now, are you under the

15   influence of any drug, medication, or alcoholic beverage?

16           THE DEFENDANT:  I am on medication for depression

17   and anxiety.

18           THE COURT:  Does it interfere with your ability to

19   understand what is happening?

20           THE DEFENDANT:  No, ma'am.

21           THE COURT:  All right.  If at any time today, Mr.

22   Mendheim, you don't understand something, you can either ask

23   me to clarify, and I will try.  Or if you prefer, you can ask

24   to speak privately with Ms. Beitz; do you understand?

25           THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  So when the case first began, did you

2     receive a copy of the indictment that was filed against you?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  And have you had an opportunity to

5     review the charges and the case, in general, with Ms. Beitz,

6     your attorney?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Are you fully satisfied with the

9     counsel, representation, and advice that she has given you in

10    this case?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Ms. Beitz, were all formal plea offers

13    by the Government conveyed to Mr. Mendheim?

14         MS. BEITZ:  Yes, Your Honor.

15         THE COURT:  And Ms. Korobov, did Mr. Mendheim

16    receive the benefit of the most lenient offer the Government

17    intended to make in this case?

18         MS. KOROBOV:  He did, Your Honor.

19         THE COURT:  Thank you.  Mr. Mendheim, did you have

20    an opportunity to read and discuss the plea agreement with

21    your lawyer before you signed it?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  And is the plea agreement the complete

24    agreement that you made with the Government?

25         THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Sir, has anyone made any promises or

2     assurances that are not in the plea agreement to persuade you

3     to either plead guilty or accept the agreement?

4          THE DEFENDANT:  No, ma'am.

5          THE COURT:  Has anyone threatened you in any way or

6     forced you in any way to either sign the agreement or plead

7     guilty?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Do you believe you understand the terms

10    of the agreement?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  All right.

13    This plea agreement calls for a specific sentence.  In

14    your case, the agreement sets a floor, a minimum sentence to

15    which you might be sentenced; do you understand that?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  And do you understand that if I choose

18    not to follow that specific term of the plea agreement, I will

19    tell you and give you the opportunity to withdraw your plea of

20    guilty.

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  If you choose not to withdraw your plea

23    of guilty, then, I could impose a more severe sentence without

24    being bound by the plea agreement; do you understand?

25         THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Are you pleading guilty today of your

2    own free will and because you are guilty?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  All right.  You're agreeing to plead

5    guilty.  Do you have a copy of the plea agreement there?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  In Paragraph 1, it says you will plead

8    guilty to Count III, which charges you with committing the

9    offense of receiving a visual depiction of a minor engaged in

10   sexually explicit conduct.  Do you understand that is the

11   charge to which you are pleading guilty?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  Do you understand, further, that the

14   Government agrees it will move to dismiss Counts I and II at

15   the time of sentencing?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  With respect to Count III, the maximum

18   sentence for that crime is a punishment of up to –– 40 years

19   imprisonment, a $250,000 fine, and a lifetime period of

20   supervised release; do you understand?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  Under the law, the minimum sentence is

23   15 years, but as we will discuss in more detail, a minute ago

24   you agreed that the minimum sentence in your case should be

25   240 months; do you understand?

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  Is there a question, Counsel?

3    MS. KOROBOV:  Your Honor, it says Count I is

4    punishable —

5    THE COURT:  It should be Count III.

6    MS. KOROBOV:  Thank You.

7    THE COURT:  Counsel, do you agree that is just a

8    typographical error?

9    MS. BEITZ:  Yes, Your Honor.

10    THE COURT:  Thank you.  So looking at Paragraph 3,

11    Mr. Mendheim, what we are talking about is it referenced Count

12    I, but it should say Count III; do you understand?

13    THE DEFENDANT:  Yes, ma'am.

14    THE COURT:  The same penalties apply.  The law

15    provides for a penalty range of 15 to 40 years.  You have

16    agreed that the minimum would be 20; do you understand?

17    THE DEFENDANT:  Yes, ma'am.

18    THE COURT:  All right.  If we had gone to trial on

19    Count III, the Government would have been required to prove

20    certain elements of that crime by proof beyond a reasonable

21    doubt.  They are listed in Paragraph 4, and they are first,

22    that you knowingly received a visual depiction using any means

23    or facility of interstate or foreign commerce or in or

24    affecting interstate or foreign commerce by any means,

25    including by computer; and that the production of such visual

depiction involved the use of a minor under the age of 18

years engaging in sexually explicit conduct, and such visual

depiction was of such minor engaged in sexually explicit

conduct, and that you knew that at least one of the persons in

such visual depiction was a minor under the age of 18 years,

and you knew that the visual depiction was of such minor

engaged in sexually explicit conduct, and that the Government

must prove that you had a prior conviction under the laws of

any state relating to aggravated sexual abuse or sexual abuse

as defined by 18 United States Code, Section 2252(b)(1).

Do you understand those are the elements of the crime to

which you are pleading guilty?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you understand that by pleading

guilty you are relieving the Government of the burden of

having to prove each of those elements contained in Paragraphs

4A through E because you are admitting that they are true?

THE DEFENDANT:  Yes.  Yes, ma'am.

THE COURT:  All right.

As I decide whether to accept the terms of the plea

agreement, I have to consider all the factors that are listed

in 18 United States Code, Section 3553(a); do you understand?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  One of those — one of the factors that

law requires me to consider are the sentencing guidelines; do

1    you understand?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  The guidelines are not mandatory.  They

4    are advisory; do you understand that?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  And until probation prepares a complete

7    guideline calculation, I don't know what that calculation will

8    be; do you understand?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  All right.

11       As we said, you have agreed to a minimum sentence in your

12   case; do you understand that?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  And like I said before, if I disagree

15   with that provision, then, I will let you know, and you can

16   withdraw your plea of guilty; do you understand?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  This plea was submitted on March 29.

19   Has the Government learned anything that might support the

20   filing of additional charges since that time?

21             MS. KOROBOV:  No, Your Honor.

22             THE COURT:  So this plea agreement protects you, Mr.

23   Mendheim, from being prosecuted for offenses known to the

24   Government at this time for offenses covered by the plea

25   agreement; do you understand?

1        THE DEFENDANT:  Yes, ma'am.

2        THE COURT:  It does not, however, protect you from

3   conduct unknown to the Government at this time, not covered by

4   the plea agreement, or any crime that you might commit in the

5   future; do you understand?

6        THE DEFENDANT:  Yes, ma'am.

7        THE COURT:  All right.

8        When you plead guilty, you give up certain rights that

9   you have in this criminal case.  You should have been told of

10   these rights when you first came to court.  These are rights

11   that you have, that you give up by pleading guilty, and we

12   will go over them now for the record.

13        You have the right to plead not guilty to any offense

14   charged against you and to maintain that plea, but when you

15   plead guilty you give up that right; do you understand?

16        THE DEFENDANT:  Yes, ma'am.

17        THE COURT:  You would, then, have the right to a

18   public and speedy trial by jury, but when you plead guilty,

19   you give up that right; do you understand?

20        THE DEFENDANT:  Yes, ma'am.

21        THE COURT:  At trial, you would be presumed

22   innocent, and the Government would be required to prove your

23   guilt beyond a reasonable doubt.  But when you plead guilty,

24   you give up those rights; do you understand?

25        THE DEFENDANT:  Yes, ma'am.

1        THE COURT:  You would have the right to the

2   assistance of counsel for your defense, appointed by the

3   Court, if necessary, at trial and every other stage of the

4   proceeding.  But when you plead guilty, you give up that

5   right; do you understand?

6        THE DEFENDANT:  Yes, ma'am.

7        THE COURT:  You would have the right to see and hear

8   all the witnesses and have them cross-examined in your

9   defense, but when you plead guilty you give up that right; do

10  you understand?

11       THE DEFENDANT:  Yes, ma'am.

12       THE COURT:  You would have the right on your own

13  part to decline to testify at trial, but when you plead

14  guilty, you give up that right; do you understand?

15       THE DEFENDANT:  Yes, ma'am.

16       THE COURT:  On the other hand, you would also have

17  the right to voluntarily choose to testify in your own

18  defense, but when you plead guilty, you give up that right; do

19  you understand?

20       THE DEFENDANT:  Yes, ma'am.

21       THE COURT:  Now, you would have no obligation to

22  present any evidence at trial, but if you wanted to, you would

23  have the right to use the Court's subpoena power to require

24  witnesses to provide evidence in your defense.  However, when

25  you plead guilty, you give up that right; do you understand?

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  If it were your decision not to testify

3  or put on any evidence, those decisions could not be used

4  against you, and I would instruct the jury that they could not

5  consider those decisions in any way in reaching their verdict;

6  do you understand?

7    THE DEFENDANT:  Yes.  Yes, ma'am.

8    THE COURT:  Do you further understand that by

9  entering a plea of guilty, if your plea is accepted by the

10  Court, there will be no trial, and you would have waived or

11  given up your right to a trial, as well as the other rights

12  associated with a trial that I just described; do you

13  understand?

14    THE DEFENDANT:  Yes, ma'am.

15    THE COURT:  Do you have any questions about those

16  rights?

17    THE DEFENDANT:  No, ma'am.

18    THE COURT:  All right.  So in Paragraph 10, this

19  contains the agreement that you have reached with the

20  Government.  There are several components to it.  You have

21  agreed that you will be sentenced to a term of at least

22  240-months' imprisonment; do you understand?

23    THE DEFENDANT:  Yes, ma'am.

24    THE COURT:  You have agreed that you will be

25  sentenced to a lifetime of supervised release; do you

1    understand?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  And you have agreed to make restitution

4    to all victims of your crimes; do you understand?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  All right.  There is no agreement in the

7    case as to the amount of restitution, but you have agreed that

8    the restitution ordered by the Court will include your total

9    offense conduct and is not limited to the one count of

10   conviction; do you understand?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  You have agreed to pay restitution for

13   all losses caused by your conduct, regardless of whether

14   counts of the indictment dealing with those losses will be

15   dismissed as part of the plea agreement; do you understand?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  You have agreed that any restitution

18   ordered by the Court will not be dischargeable in any

19   bankruptcy proceeding, and you will not seek or cause to be

20   sought a charge — a discharge or a finding of

21   dischargeability of any restitution obligation; do you

22   understand?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  You have agreed that if I set a

25   restitution payment schedule, that schedule could be exceeded

1    if your financial circumstances changed; do you understand?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  And you have also agreed that the

4    Government can take any and all actions necessary to collect

5    the maximum amount of restitution in the most expeditious

6    manner possible; do you understand?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  You have agreed you will have no direct

9    or indirect communication with Minor Victim 1.  You know who

10   that is, correct?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  You have agreed not to have any

13   communication, direct or indirect, with her or her family

14   throughout your entire sentence, including the lifetime period

15   of supervised release; do you understand?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  You have agreed to pay a total of $100,

18   which is the mandatory special assessment; do you understand?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  And those are the provisions that I will

21   have to determine whether they are fair in your case; do you

22   understand?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  All right.

25         You have agreed that each side can argue as to whether I

1   should impose a fine; do you understand?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  You have also agreed that there can be

4   evidence and argument presented concerning the conditions of

5   supervised release.  However, you have agreed to the

6   conditions of supervised release that are contained in

7   Addendum A to your plea agreement; do you understand?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  Okay.  There are three and a third pages

10  of conditions that you have agreed to; do you understand?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  And you have agreed that those

13  conditions can be imposed in your case; do you understand

14  that?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  All right.

17     Most of the time probation will adopt these conditions

18  that you agree to.  So these would be the conditions that

19  would govern your supervised release; do you understand?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  All right.

22     So we know that there will be some financial components

23  of your sentence; do you understand that?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  In Paragraph 11C, you have acknowledged

1  that there are three ways, basically, that you can pay off the

2  amounts that you owe.  First, if you are -- since you are

3  going to agree to a mandatory 20 years of imprisonment, you

4  have agreed that you can participate in the Federal Bureau of

5  Prisons Inmate Financial Responsibility Program; do you

6  understand?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  That is the last program listed in the

9  paragraph, but it is the first that you would be subject

10  probably to applying.

11             MS. KOROBOV:  Your Honor, I just wanted to clarify

12  that when the Court said he has agreed to a mandatory 20

13  years, that is a mandatory minimum of 20 years.

14             THE COURT:  Of 20 years, right.

15             MS. KOROBOV:  Thank you.

16             THE COURT:  We know there will be at least that

17  sentence in the case; do you understand that?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  So you will be in prison for a

20  considerable period of time, and you can get a job while you

21  are in prison through the program that is mentioned in

22  Paragraph 11C; do you understand?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  You get a wage for that, for those jobs,

25  but it is not a significant wage, and the Bureau of Prisons

1  can withhold a portion of your earnings in order to pay off

2  any amounts that you owe; do you understand?

3             THE DEFENDANT:  Yes, ma'am.

4             THE COURT:  Second, if you haven't paid off any

5  balance by the time you are released from prison, then, as you

6  are financially able, the probation department would order you

7  to pay a portion of your wages that you might be earning

8  towards the satisfaction of any financial obligation; do you

9  understand?

10            THE DEFENDANT:  Yes, ma'am.

11            THE COURT:  And then, the Government can pursue

12 collection proceedings against you throughout the course of

13 your sentence; do you understand?

14            THE DEFENDANT:  Yes, ma'am.

15            THE COURT:  You have also agreed in Paragraph D that

16 you're willing to forfeit.  You are giving up any right,

17 title, or interest you have in certain property; do you

18 understand?

19            THE DEFENDANT:  Yes, ma'am.

20            THE COURT:  You are agreeing that the Government

21 can — that already has custody of that property, can dispose

22 of it, including destroy it; do you understand?

23            THE DEFENDANT:  Yes, ma'am.

24            THE COURT:  You are giving up the right to any

25 further notice with respect to the disposition or destruction

1   of that property; do you understand?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  The property you are agreeing to forfeit

4   is listed in Addendum B.  It is a Samsung cell phone; do you

5   understand?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  And you have agreed that I can issue a

8   judgment of forfeiture as part of your sentence in this case;

9   do you understand?

10           THE DEFENDANT:  Yes, ma'am.

11           THE COURT:  And again, you are waiving any further

12  notice with respect to the forfeiture of that property; do you

13  understand?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  All right.

16       I have to make sure before I can accept your plea, that

17  there is evidence to support your plea.  The form of evidence

18  we normally use is a stipulation; and in fact, you and the

19  Government have reached a stipulation in Paragraph 12,

20  Subparagraphs A through K of your plea agreement; do you

21  understand that?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Did you carefully review these

24  paragraphs before you signed your plea agreement?

25           THE DEFENDANT:  Yes, ma'am.

1      THE COURT:  And do you agree that the information

2  contained in Paragraph 12 is true?

3      THE DEFENDANT:  Yes, ma'am.

4      THE COURT:  All right.

5      The Court finds that the information contained in

6  Paragraph 12 is sufficient to establish a factual basis for

7  each essential element of the crime charged, including the

8  fact of the prior conviction.  Sir, do you understand that it

9  is possible, under 18 United States Code, Section 4248, I am

10  looking at Paragraph 17 of your plea, now, that you face

11  potential civil commitment as a sexually dangerous person

12  following the expiration of your term of imprisonment?

13      THE DEFENDANT:  Yes, ma'am.

14      THE COURT:  That potential civil commitment would be

15  the subject of a separate civil proceeding; do you understand?

16      THE DEFENDANT:  Yes, ma'am.

17      THE COURT:  No one, including your attorney or me,

18  can predict with certainty the effect of your conviction on

19  such a civil commitment determination or the likelihood that

20  civil commitment would be pursued or imposed; do you

21  understand?

22      THE DEFENDANT:  Yes, ma'am.

23      THE COURT:  Do you understand that civil commitment

24  can be imposed for an indefinite period of time?

25      THE DEFENDANT:  Yes.  Yes, ma'am.

1          THE COURT:  And do you want to, nevertheless, plead

2    guilty regardless of the consequences of any potential civil

3    commitment?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  All right.

6      Do you also understand that you are required to register

7    as a sex offender with the appropriate authorities of any

8    state in which you reside, are employed, or attend school as

9    required by both state and federal law?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  You understand that the failure to

12    comply with those laws could subject you to further

13    prosecution under either federal or state law?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  All right.  You and the Government have

16    reached a stipulation concerning the guidelines in your case.

17    Now, probation has not prepared its guideline calculation.  So

18    with respect to your stipulation right now, that is just an

19    agreement between you and the Government; do you understand?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  I will have to wait and see what

22    probation determines; do you understand?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  But in any event, you and the Government

25    have agreed that the base offense for the crime to which you

1    are pleading guilty is 32.  Because the victim was between 12

2    and 16 years, there should be a two-level increase to that

3    base offense level; do you understand?

4            THE DEFENDANT:  Yes, ma'am.

5            THE COURT:  And because you used a computer, two

6    levels more should be added; do you understand?

7            THE DEFENDANT:  Yes, ma'am.

8            THE COURT:  That results in an offense level,

9    adjusted offense level of 36; do you understand?

10           THE DEFENDANT:  Yes, ma'am.

11           THE COURT:  Now, because you occupied a position of

12   trust with this victim, two levels more should be added; do

13   you understand?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  And that would put us at an adjusted

16   offense level of 38; do you understand?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  And because you are pleading guilty, you

19   are entitled to two levels of reduction for acceptance of

20   responsibility; do you understand?

21           THE DEFENDANT:  Yes, ma'am.

22           THE COURT:  And if you continue to accept

23   responsibility, the Government is acknowledging that your plea

24   in this case is timely, and if you continue to accept

25   responsibility, the Government agrees it would file or request

1  a motion under the guidelines for an additional level of

2  reduction, which might place you at a final offense level of

3  35; do you understand?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  I am not aware, sir, of your prior

6  criminal history or what category it falls into, but do you

7  understand under the guidelines, that prior criminal history

8  will determine what your category is?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  Ms. Beitz, I am sure, has shown you at

11 level 35, if that is where probation says you end up, the

12 various guideline ranges; is that true?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  So the lowest one at 35 is 168 to 210

15 months, but that couldn't apply to you because you have agreed

16 to a minimum of 240 months; do you understand?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  All right.  So the maximum under

19 guideline level 35 is 292 to 365 months; do you understand?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  Once again, I have to emphasize that the

22 guidelines are strictly advisory, they are not mandatory; do

23 you understand that?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  You have agreed in Paragraph 30 —— or

1    Paragraph 20, sorry, that if I accept the terms of this plea

2    agreement and I sentence you consistently with it, regardless

3    of what your criminal history category is or how your sentence

4    is calculated by me, you are giving up your right to appeal

5    your conviction or sentence on any ground; do you understand?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Do you have a question?

8     (Off-the-record discussion between Attorney Beitz and the

9    Defendant.)

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Just for the record, you had an

12    opportunity to confer with your attorney?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Now, you understand what I just said

15    about giving up your right to appeal?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Your waiver of your right to appeal

18    includes any potential challenge to the statute to which you

19    are pleading guilty on constitutional grounds, as well as any

20    challenge that your conduct does not fall within the scope of

21    that statute; do you understand?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  It also includes all provisions of the

24    guilty plea and sentence imposed, including the length and

25    conditions of supervised release and the amount of any fine;

1   do you understand?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  Now, sometimes after people are

4   convicted, Mr. Mendheim, they file a separate legal challenge

5   to their conviction or sentence; and generally speaking, in

6   Paragraph 21, you are giving up your right to file a later

7   legal challenge with two exceptions; do you understand?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  These are the exceptions:  If in the

10  future the Sentencing Commission, who sets the offense levels

11  under the guidelines, should decide that the offense for which

12  you are pleading guilty should have a lower offense level, and

13  they decide that that reduction should be made applicable to

14  people who have already pled guilty, you can ask me to reduce

15  your sentence in accordance with that reduction in the offense

16  level; do you understand?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  The Government has agreed in Paragraph

19  21 that it won't oppose your motion on the basis that you have

20  waived your right to bring it; do you understand?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  But the Government is preserving its

23  right to oppose your motion on any other ground; do you

24  understand?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All right.  You have also preserved your

2     right to claim that you received ineffective assistance of

3     counsel; that is, a claim that Ms. Beitz has not done an

4     adequate job in representing you in this case; do you

5     understand?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Do you have any reason right now to

8     believe that she has not done an adequate job in representing

9     you?

10         THE DEFENDANT:  No, ma'am.

11         THE COURT:  All right.  Do you have any questions

12    about the terms of the plea agreement?

13         THE DEFENDANT:  No, ma'am.

14         THE COURT:  Okay.  When you agreed to give up your

15    right to appeal and/or your right to file later legal

16    challenges as we just discussed, did you do that of your own

17    free will?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  And after conferring with your attorney?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  And so, do you understand that if I

22    accept the terms of your agreement and sentence you in

23    accordance with the terms of the agreement, then, even if

24    there is an error or you dislike my decision, you could not

25    appeal?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  All right.

3     We mentioned that you will be placed on, pursuant to your

4  agreement if I accept it, a mandatory lifetime term of

5  supervised release.  Do you understand that if you violate the

6  conditions of any supervised release, you could be given

7  additional time in prison?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Do you understand that the conviction

10  for this offense will likely result in substantial future

11  restrictions on where you may live, work, or with whom you may

12  associate?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Do you understand that your conviction

15  will require you to register as a sex offender, as we have

16  already discussed?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  And knowing those potential

19  consequences, do you still want to plead guilty?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that in the federal

22  criminal justice system, parole has been abolished, and if you

23  are sentenced to prison, you would not be released on parole?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Do you understand that the maximum good

1    time credit you can earn is 15 percent of your sentence?

2                THE DEFENDANT:  Yes, ma'am.

3                THE COURT:  Do you understand that the offense to

4    which you are pleading guilty is a felony, and if your plea is

5    accepted, you will be adjudged guilty of that offense.  That

6    adjudication may deprive you of valuable civil rights such as

7    the right to vote, the right to hold public office, the right

8    to serve on a jury, and the right to possess any kind of

9    firearm; do you understand?

10               THE DEFENDANT:  Yes, ma'am.

11               THE COURT:  Just for the record, I should ask, are

12   you a United States citizen?

13               THE DEFENDANT:  Yes, ma'am.

14               THE COURT:  Okay.  Do you believe you understand the

15   possible consequences of your plea and plea agreement that we

16   just discussed?

17               THE DEFENDANT:  Yes, ma'am.

18               THE COURT:  Do you have any questions about it?

19               THE DEFENDANT:  No, ma'am.

20               THE COURT:  All right.  So as to the charge

21   contained in Count III of the indictment, how do you now

22   plead, guilty or not guilty?

23               THE DEFENDANT:  Guilty.

24               THE COURT:  It is the finding of the Court in the

25   case of the United States v. Thomas Mendheim, that the

1   Defendant is fully competent and capable of entering an

2   informed plea, that Mr. Mendheim is aware of the nature of the

3   charge and the consequences of the plea, that his plea of

4   guilty is a knowing and voluntary plea, supported by an

5   independent basis in fact, containing each of the essential

6   elements of the offense.

7       The plea is, therefore, accepted, and the Defendant is

8   now adjudged guilty of Count III.

9       Mr. Mendheim, the next phase of the proceeding will be

10  the preparation of a presentence investigation report.  Has

11  that interview been established, Ms. Beitz?

12                  MS. BEITZ:  Right after this hearing, Your Honor.

13                  THE COURT:  Very good.  You will be meeting with

14  probation and Ms. Beitz.  They will do an interview of you,

15  then, they will prepare a report.  They will prepare that

16  report and place it on the docket under seal.  You and your

17  attorney and the Government's attorney will have access to it.

18      You can file any objections that you might have, and

19  after that, probation attempts to rule on the report.  If the

20  objections require my ruling, then, we save those over for

21  sentencing, but then a final report gets prepared.  And once

22  the preliminary version is prepared, we will set the matter

23  for sentencing at a mutually convenient time; do you

24  understand?

25                  THE DEFENDANT:  Yes, ma'am.

1      THE COURT:  Do you have any questions about the next

2   stage of the proceeding?

3      THE DEFENDANT:  No, ma'am.

4      THE COURT:  Is there anything further for the

5   Government at this time?

6      MS. KOROBOV:  No, Your Honor.  I do apologize to the

7   Court for being late.  I had the wrong time on my calendar,

8   despite Miss Imel's response to me yesterday.

9      THE COURT:  Thank you.

10   Ms. Beitz, anything further?

11      MS. BEITZ:  No, Your Honor.  Thank you.

12      THE COURT:  Thank you.  Apology accepted.  Thank

13   you.

14   We will see you again.

15      THE CLERK:  All rise.

16   (Concluded at 10:39 a.m.)

17                  CERTIFICATE OF COURT REPORTER

18

19   I, Jean A. Knepley, hereby certify that the

20   foregoing is a true and correct transcript from reported

21   proceedings in the above-entitled matter.

22

23   /S/ Jean A. Knepley                 August 18, 2020
    JEAN A. KNEPLEY, RDR/CRR/CRC/FCRR   Date
24   Official Court Reporter
    Southern District of Indiana
25   Indianapolis Division.