UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00097-JMS-DML-1 |
| v. | ORDER ON MOTIONS FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |
| THOMAS MENDHEIM | |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00097-JMS-DML |
| | ) | |
| THOMAS MENDHEIM, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Thomas Mendheim has filed two motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Mendheim*, 1:18-cr-00097-JMS-DML, dkts. 64 and 74. Mr. Mendheim asks the Court to reduce his sentence to time served. The United States argues, in part, that Mr. Mendheim's motion is barred by the terms of his plea agreement. Dkt. 81 at 5-9. For the reasons stated below, Mr. Mendheim's motions are **denied**.

**I. Background**

In March 2019, Mr. Mendheim executed a petition to enter plea of guilty and plea agreement. Dkt. 33. In this plea agreement, Mr. Mendheim agreed to plead guilty to one count of receipt of a visual depiction of a minor engaged in sexually explicit conduct. *Id.* at 1-2. He admitted communicating with a 15-year-old victim about engaging in sexual activity, receiving from the victim visual depictions of a minor engaged in sexually explicit conduct, and having sexual intercourse with the victim on at least two occasions. *Id.* at 9-10. He also admitted to having a prior felony conviction for sexual battery. *Id.* at 10. In Paragraph 21 of the plea agreement, Mr. Mendheim agreed "not to contest, or seek to modify, [his] . . . sentence . . . in any later legal

proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *Id.* at 14-15.

The Court conducted a change of plea and sentencing hearing for Mr. Mendheim on October 1, 2019. Dkt. 43. The Court accepted Mr. Mendheim's guilty plea and sentenced him to 300 months' imprisonment and lifetime supervised release. *Id.*; *see also* dkt. 44. Judgment was entered on October 2, 2019, dkt. 44, and Mr. Mendheim did not appeal his conviction or sentence.

On January 25, 2021, Mr. Mendheim filed a pro se motion asking the Court to reduce his sentence to time served. Dkt. 64. He filed a supplemental motion several months later. Dkt. 75. The United States has responded, dkts. 81 and 87, and Mr. Mendheim has not replied.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Mendheim asks the Court to grant his request for compassionate release because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 64 at 1-2; dkt. 75 at 4. He also contends that release is warranted because he is the only available caregiver for his children. Dkt. 64 at 20; dkt. 75 at 2, 4. In its response, the United States argues that Mr. Mendheim waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 81 at 5-9.

Mr. Mendheim's motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Mendheim's plea agreement plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. He has presented no argument against enforcing the terms of his plea agreement. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

### III. Conclusion

For the reasons explained above, Mr. Mendheim's motions for compassionate release, dkts. [64] and [75], are **denied**.

**IT IS SO ORDERED.**

Date: 10/4/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Mendheim, #16264-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

All Electronically Registered Counsel